**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>             Plaintiff,  )<br>         vs.  )<br>DARIAN BENEVENTO,  )<br>             Defendant.  ) | 2:07-cr-136-RCJ-PAL<br><br>**ORDER** |

This matter is before the Court on Defendant's Objection (#39) to the Magistrate Judge's Report and Recommendation (#37) on Defendant's Motion to Suppress Evidence (#22). The Court has considered the motions and pleadings on file on behalf of all parties, and oral argument presented to the Court. For the reasons set forth below, Defendant's Objections are overruled and Judge Leen's Report and Recommendation is ADOPTED.

**BACKGROUND**

Defendant Darian Benevento is charged with Transportation of a Minor for Prostitution and Failure to Register under the Sex Offender Registration and Notification Act. Defendant was stopped by Officer Troy Scutella after crossing against a red light in Ontario California. Officer Scutella told Defendant that he stopped him for crossing against the light and asked him for identification. Defendant then told the officer that his name was "Jerome Benevento" and that his date of birth was April 26, 1982. Officer Scutella then ran a records check, the result of which was s DMV photograph of Jerome Benevento that did not match Defendant's appearance. Officer

1  Scutella again asked Defendant for his name and date of birth; Defendant again said that his name
2  was "Jerome Benevento."

3      At this point Officer Scutella decided to take Defendant into custody. Scutella grabbed
4  Benevento by the wrist and told him he was under arrest. Defendant then tried to flee and was
5  apprehended by Officer Scutella and placed in the back of the patrol car. The computer vehicle
6  screen, which displayed the picture of Jerome Benevento, was visible to Defendant in the back seat.
7  Without being asked Defendant told Scutella that the picture was of his brother, who was using his
8  name. Defendant then apologized for lying and produced an Oregon State identification card with
9  the name "David Stollery" on it. Officer Scutella then called the ID into dispatch, who verified that
10 it was a valid I.D.. Defendant was then booked under the name "David Stollery." Fingerprint checks
11 then identified the Defendant as Darian Benevento and that he had two outstanding warrants.

12     In testimony before Judge Leen, Officer Scutella testified that he did not see the traffic signal
13 facing Benevento. Furthermore, Scutella did not see Defendant step off the curb, he only saw him
14 crossing the street. But Scutella testified that although he did not see the light facing Benevento (the
15 allegedly red light for northbound traffic), it must have been red because the light was green for
16 traffic traveling eastbound.

17 **ANALYSIS**

18     Defendant's primary argument is that the stop for crossing against the light was the
19 equivalent of an arrest because Scutella stopped Benevento for the purpose of issuing a citation. If
20 it was equivalent of an arrest then probable cause would be required, rather than a reasonable
21 suspicion. This would mean that Benevento should have immediately received a Miranda warning,
22 which he did not prior to the statements he made to Officer Scutella. Defendant further contends that
23 because Officer Scutella only saw Defendant crossing the street, not stepping off the curb, that he
24 lacked the probable cause to make an arrest.

25

1  Courts have repeatedly considered the proper procedures during traffic stops.  The Ninth
2 Circuit held that probable cause is not required for traffic stops. *United States v. Lopez-Soto,* 205
3 F.3d 1101, 1104 (9th Cir. 2004).  Police officers "may conduct an investigatory traffic stop if the
4 officer has 'reasonable suspicion' that a particular person has committed, is committing, or is about
5 to commit a crime." *United States v. Choudhry,* 461 F.3d 1097, 1100 (9th Cir. 2006).  Furthermore,
6 "a traffic violation is sufficient to establish a reasonable suspicion." *Id.*

7  Judge Leen correctly found that Benevneto's Fourth Amendment rights were not violated.
8 First, Scutella had reasonable suspicion that Benevento had crossed against a red light since the light
9 for eastbound traffic was green.  That inference is reasonable since it is appropriate to assume (absent
10 evidence to the contrary) that the traffic light was working correctly.  It was reasonable for Officer
11 Scutella to infer that Benevento broke a traffic law.

12  Second, the scope of the stop and Officer Scutella's questions were reasonably related to the
13 surround circumstances. Police questioning which does not prolong detention is permissible during
14 an investigatory traffic stop.  *United States v. Mendez,* 476 F.3d 1077, 1080 (9th Cir. 2007).
15 Moreover, an officer may determine the identity of individuals detained during investigatory traffic
16 stops by asking for identification and a date of birth. *United States v. Christian,* 356 F.3d 1103, 1106
17 (9th Cir. 2004).  Scutella's action in asking for identification and then checking were permissible.

18  Third, once Benevento provided false information to Officer Scutella, probable cause existed
19 for the arrest.  *Hart v. Parks,* 450 F.3d 1059, 1066-67 (9th Cir. 2006).

20  With Respect to Benevento's Fifth Amendment rights, he was not in custody for the purposes
21 of *Miranda* because he was temporarily detained as part of a traffic stop.  *Berkemer v. McCarty,* 468
22 U.S. 420, 441 (1984). Miranda warnings are required prior to custodial police interrogation.
23 *Miranda v. Ariz.,* 384 U.S. 436, 444 (1966).  Since Benevento was not in custody no *Miranda*
24 warning was required.  Furthermore, statements made while in the back of the police car are

25

admissible since they were not made in response to police interrogation. If the Court accepted Defendant's argument that would mean that every traffic stop is the equivalent of an arrest and all interaction between officers and civilians should be preceded by a Miranda warning. The Supreme Court has already examined this issue and held otherwise. *Id.*

## CONCLUSION

IT IS HEREBY ORDERED that the Objection the Report and Recommendation (#39) is *overruled* and the Report and Recommendation (#37) is *adopted*.

DATED:   June 4, 2008

_____
ROBERT C. JONES
UNITED STATES DISTRICT COURT JUDGE

(mr)