**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DARIAN BENEVENTO,<br><br>    Defendant. | 2:07-cr-00136-RCJ-PAL-1<br><br>**ORDER** |

On June 27, 2007, a grand jury indicted Darian Benevento on two counts: (1) transportation of a minor for prostitution, and (2) failure to register as a sex offender. (Indictment, ECF No. 1.) On July 6, 2009, Benevento pleaded guilty to both counts. (ECF No. 103.) On October 5, 2009, the Court rejected Benevento's motion to withdraw his guilty plea, for reasons stated on the record, and imposed concurrent sentences of 130 months' custody as to Count 1 and 120 months' custody as to Count 2, to be followed by lifetime supervised release with special conditions. (ECF No. 116.)

Now, Benevento has filed a motion in this case for immediate relief from certain conditions of his confinement at FCI Mendota in Mendota, California. (ECF No. 124.) In his motion, Benevento has designated himself as "Plaintiff." Benevento's motion is not proper within this case. A defendant may not evade the procedural constraints and consequences of the Prisoner Litigation Reform Act ("PLRA"), such as exhaustion of administrative remedies,

screening, filing fees, and proper service on the defendant, by filing a civil action as a motion in a criminal case. *United States v. Antonelli*, 371 F.3d 360, 361–62 (7th Cir. 2004).

In determining whether a filing in a criminal case is a proper motion or a separate civil action, "courts should look to the substance of the filing rather than its label." *Id.* at 361. Here, on the docket of a nearly eight-year-old criminal case, Benevento has filed a motion that in fact amounts to a separate, unrelated civil lawsuit. Benevento challenges the conditions of his confinement in federal prison, and as such his motion contains the substance of a typical prisoner civil rights action under 42 U.S.C. § 1983. Allowing the motion to proceed under this criminal case number would circumvent the purposes of the PLRA and the procedures litigants are required to follow in civil suits. *See Porter v. Nussle*, 534 U.S. 516, 524–25 (2002) (describing the purpose of the PLRA as "reduc[ing] the quantity and improv[ing] the quality of prisoner suits"). Benevento may properly assert the allegations in his motion by filing a civil case in a court of appropriate jurisdiction, but the allegations are not proper here. Therefore, the Court denies the motion.

In addition, the Court notes, without ruling on the issue, that there is no apparent link between the allegations in Benevento's motion and the District of Nevada. The motion addresses civil rights violations that allegedly occurred at FCI Mendota, within the Eastern District of California. These circumstances make it very unlikely that this Court would be an appropriate venue for Benevento's potential civil rights case.

/ / /

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

IT IS HEREBY ORDERED that the motion (ECF No. 124) is DENIED.

IT IS FURTHER ORDERED that no further documents shall be filed in this case.

IT IS SO ORDERED.

DATED: This 23rd day of May, 2017.

_____
ROBERT C. JONES
United States District Judge